1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7

8

9    JOSE FRANCISCO GARCIA,                )
                                           )
10                            Plaintiff,    )   **NO. CV-12-3114-LRS**
                                           )
11       vs.                               )   **ORDER GRANTING**
                                           )   **DEFENDANTS' MOTION**
12                                         )   **FOR SUMMARY**
     DERRICK PEREZ and SUPPORT             )   **JUDGMENT, *INTER ALIA***
13   OFFICER MIKE MOREHOUSE,               )
                                           )
14                            Defendants.  )
                                           )
15                                         )
                                           )
16   _____       )

17

18       **BEFORE THE COURT** are Defendants' Motion for Summary Judgment

19   (ECF No. 37) and Plaintiff's Motion For Miscellaneous Relief (ECF No. 46). These

20   motions are heard without oral argument.

21

22   **I. BACKGROUND**

23       At the time of the events giving rise to this suit, Plaintiff was a pretrial detainee

24   in the Toppenish City Jail. Proceeding *pro se*, Plaintiff filed a civil suit under 42

25   U.S.C. § 1983 alleging that Defendants Officer Perez and Officer Morehouse used

26   excessive force against him following his verbal outburst in response to an abrupt

27   deactivation of the prison phones. ECF. No. 1 at 5. Plaintiff was tasered by Officer

28

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 1**

1  Morehouse and physically struck by Officer Perez after failing to comply with the

2  officers' orders to lie prone on the ground.  ECF No. 38 at 4.  Based upon Plaintiff's

3  conduct during the incident, Plaintiff was charged with and pled guilty to obstructing

4  a police officer and engaging in prohibited jail conduct.  *Id*. at 2-3.

5

6  **II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

7      The purpose of summary judgment is to avoid unnecessary trials when there

8  is no dispute as to the facts before the court.  *Zweig v. Hearst Corp.*, 521 F.2d 1129

9  (9th Cir.), cert. denied, 423 U.S. 1025, 96 S.Ct. 469 (1975).  Under Fed. R. Civ. Pro.

10  56, a party is entitled to summary judgment where the documentary evidence

11  produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby,*

12  *Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727,

13  732 (9th Cir. 1985).  If a genuine dispute over a fact that might affect the outcome of

14  the suit under the governing law exists, then summary judgment is precluded.

15  *Anderson*, 477 U.S. at 248.

16

17      The moving party has the initial burden to prove that no genuine issue of

18  material fact exists.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S.

19  574, 586, 106 S.Ct. 1348 (1986).  Once the moving party has carried its burden under

20  Rule 56, "its opponent must do more than simply show that there is some

21  metaphysical doubt as to the material facts."  *Id*.  The party opposing summary

22  judgment must go beyond the pleadings to designate specific facts establishing a

23  genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548

24  (1986).In ruling on a motion for summary judgment, all inferences drawn from the

25  underlying facts must be viewed in the light most favorable to the nonmovant.

26  *Matsushita*, 475 U.S. at 587.  Nonetheless, summary judgment is required against a

27  party who fails to make a showing sufficient to establish an essential element of a

28

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 2**

claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

In determining any motion for summary judgment, pursuant to LR 56.1(d), the court may assume the facts claimed by the moving party are admitted to exist except as and to the extent that such facts are controverted by a statement of material facts filed by the non-moving party.

**a. Procedural Deficiency**

Plaintiff may not rest on his pleadings to resist summary judgment. Fed. R. Civ. P. 56(c). Plaintiff, the non-moving party, has filed one document in response to Defendant's Motion. ECF No. 40. This document details Plaintiff's account of the incident. Id. However, a personal account of the events in question is not sufficient to resist a motion for summary judgment unless the statement is authenticated by an affidavit. *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002). Plaintiff's response is not authenticated, nor does Plaintiff cite to any points in the record to indicate a factual dispute. Thus, this response does not satisfy Plaintiff's burden under Fed. R. Civ. P. 56(c)(1). Since Plaintiff has supplied no admissible evidence to controvert Defendants' account, nor pointed to any place in the record to indicate a factual dispute, there is no question of material fact. Therefore the uncontroverted statement of facts and video evidence submitted by Defendant are controlling.

**b. *Heck* Doctrine**

Defendants assert that Plaintiff's suit is subject to dismissal under the rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), because Plaintiff's criminal conviction for obstructing a police officer and engaging in prohibited jail conduct stems from the same event which precipitated his civil complaint. The Court disagrees. *Heck* held that damages for an unlawful

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 3**

1    conviction or harm caused by other actions that would render a conviction

2    unlawful are unavailable until a plaintiff has shown that the underlying conviction

3    has been terminated in his or her favor. *Id*. at 486-87.  Defendant must establish

4    that a successful § 1983 suit by Plaintiff would necessarily imply that his

5    conviction was invalid. *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005)

6    (en banc).   This is not the case.

7        *Heck* would not ordinarily bar a court from hearing a claim for excessive

8    force "because such claims do not ordinarily impugn the underlying conviction."

9    *Smithart v. Towery*, 79 F.3d 951, 952–53 (9th Cir.1996).  Plaintiff does not

10    question the validity of his conviction, nor does he indicate that his non-

11    compliance with the officers' orders  was justified.  Plaintiff instead asserts that

12    the measure of force used to induce his compliance was unreasonable.  Indeed, a

13    finding that Defendants utilized excessive force sufficient to violate Plaintiff's

14    14th Amendment rights would have no bearing on Plaintiff's conviction.  In other

15    words, Plaintiff's failure to comply with the officers' orders would not excuse the

16    use of excessive force to induce compliance.  Plaintiff's claim is thus permissible

17    under *Heck*, although as discussed below, the officers did not use excessive force.

18    

19        **c. Qualified Immunity**

20        The qualified immunity doctrine protects public official from suit so long as

21    their conduct does not violate a clearly established constitutional right. *Pearson v.*

22    *Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808 (2009).  A right is clearly established

23    if a reasonable officer would be aware that "his conduct was unlawful in the

24    situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151

25    (2001).  In order to deny Defendants the protections of qualified immunity, the

26    Court must determine:  (1) whether Defendants' conduct violated a constitutional

27    right, and (2)  whether the right was clearly established in light of the specific

28    

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT-  4**

1   context of this case.  *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010).

2       Allegations of excessive force against pretrial detainees are generally

3   examined under the 14th Amendment right to due process.  *Bell v. Wolfish*, 441

4   U.S. 520, 535 n. 16, 99 S.Ct 1861 (1979).  The standard to establish a violation of

5   a pretrial detainee's 14th Amendment right to due process is equivalent to the

6   standard used to establish a violation of a prisoner's 8th Amendment right to be

7   free of cruel and unusual punishment.  *Frost v. Agnos*, 152 F.3d 1124 (9th Cir.

8   1998).  Under this standard, force that is applied maliciously and sadistically for

9   the purpose of causing harm violates the 8th Amendment, while force applied in a

10  good-faith effort to restore discipline does not.  *Hudson v. McMillian*, 503 U.S. 1,

11  6, 112 S. Ct. 995 (1992).  Accordingly, Plaintiff must establish that Defendants

12  used force maliciously and sadistically to cause harm, and not in a good-faith

13  effort to restore discipline.

14      Plaintiff has supplied no evidence that Defendants used force for any other

15  reason than to restore discipline.  As noted, Plaintiff pled guilty to obstructing

16  Officers Morehouse and Perez, and with engaging in prohibited jail conduct.

17  Defendants' uncontroverted evidence indicates that Plaintiff repeatedly refused to

18  follow  instructions to get out of his cell, kneel, and finally to lie prone on the

19  floor.  Force was used to induce Plaintiff's compliance and restore order, not for

20  the sole purpose of inflicting harm.  The physical contact between the officers and

21  Plaintiff lasted less than a minute.  Accordingly, Defendants did not violate

22  Plaintiff's 14th Amendment right to due process through the application of a

23  "drive-stun" taser or physical strikes to bring about his compliance with the

24  Defendants' instructions.

25      Furthermore, it is not clearly established that a "drive-stun" application of a

26  taser constitutes excessive force.  In fact, it has long been established that tasers

27  may be used to induce compliance of recalcitrant inmates.  *Michenfelder v.*

28

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 5**

*Sumner*, 860 F.2d 328, 336 (9th Cir. 1988).  Furthermore, prisons present unique safety concerns to both inmates and officers working on the facilities, and officers are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. Accordingly, this Court cannot find it clearly established that the application of a "drive-stun" taser violates a pretrial detainee's 14th Amendment right to due process.

## III.  PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF

Plaintiff moves to compel discovery even though it appears he has not served any discovery on the Defendants.  There is no basis for compelling discovery.

Plaintiff moves for appointment of counsel.  There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d).  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal citations omitted). Only under such exceptional circumstances will a court appoint counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  To determine whether or not exceptional circumstances exist, a court will evaluate "(1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Williams v. ICC Comm.*, 812 F. Supp. 1029, 1034 (N.D. Cal. 1992).  Neither factor is dispositive and both factors must be viewed together before reaching a decision. *Id*.  From the outset of the case, the likelihood of Plaintiff succeeding on the merits of his case was questionable and the foregoing summary judgment analysis

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 6**

1   confirms the same.  The legal issues presented by this case are not sufficiently

2   complex to warrant appointment of counsel.  See *e.g. Florer v. Bales-Johnson*, 752

3   F. Supp. 2d 1185, 1190 (W.D. Wash. 2010) *aff'd, 473 F. App'x 651* (9th Cir. 2012).

4       For the same reasons that the court will not appoint counsel, there is no

5   justification for appointment of a special master.

6

7

## IV.  CONCLUSION

8

9       Defendants' Motion For Summary Judgment (ECF No. 37) is **GRANTED**.

10  Defendants are awarded judgment on the claims asserted against them by Plaintiff.

11  Plaintiff's Motion For Appointment of Special Master, To Appoint Counsel, and

12  To Compel Discovery (ECF No. 46) is **DENIED**.

13      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

14  Judgment for Defendants and to provide copies of the Judgment and this order to

15  to Plaintiff and to counsel for Defendants.

16      **DATED** this __29th__ day of July, 2013.

17

18

19                          *s/Lonny R. Suko*

20      _____
                          LONNY R. SUKO
21                     United States District Judge

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 7**